490 So.2d 860 (1986)
Edward SMITH
v.
STATE of Mississippi.
Misc. No. 2094.
Supreme Court of Mississippi.
May 28, 1986.
Edward Smith, pro se.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
PRATHER, Justice, for the Court:

ON MOTION FOR POST CONVICTION RELIEF
A. Edward Smith filed a motion for post conviction relief to vacate a conviction and sentence for murder in the Circuit Court of Hinds County, Mississippi, on March 29, 1982. The conviction and sentence to serve a life sentence in the custody of the Mississippi Department of Corrections were affirmed by this Court on April 6, 1983. See Smith v. State, 430 So.2d 406 (Miss. 1983).
This motion was filed April 30, 1986 pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, et seq. (Supp. 1985).
Among Smith's claims for relief is the contention that he was deprived of his right to effective assistance of counsel as mandated by the Sixth and Fourteenth Amendments to the United States Constitution.
Three alleged instances are cited in support of this proposition:
(A) Counsel failed to object to the dispersal of a jury in a capital case before its final discharge.
(B) Counsel failed to preserve error on appeal thereby denying defendant access to the appellate process and equal protection.
(C) Counsel failed to reacquaint himself with laws that fundamentally affect in-court identification that constitute reversible error or mistrial.
To this argument the State responded that petitioner, in his motion, failed to comply with Miss. Code Ann. § 99-39-9(1)(e) (Supp. 1985), which requires affidavits supporting petitioner's allegations therein. Further, alleges the State, petitioner failed to follow the specific guidelines articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 693, 104 S.Ct. 2052 (1984) for judicial determination of cases involving ineffective or effective assistance of counsel. See also Stringer v. State, 454 So.2d 468 (Miss. 1984). This Court agrees that petitioner had failed to meet the pleading requirements of Miss. Code Ann. § 99-39-9(1)(e).
Petitioner also alleged the following errors:
*861 (D) The trial court committed a reversible error to allow jury separation and disperse thereby subjecting the defendant to improper influence.
(E) The State of Mississippi, its agents acting under color of state law, compelled the defendant to be a witness against himself.
These allegations were not alleged as error and raised on direct appeal. The questions may not now be raised for the first time on this motion and are procedurally barred. Gilliard v. State, 446 So.2d 590 (Miss. 1984); Smith v. State, 434 So.2d 212 (Miss. 1983); Edwards v. Thigpen, 433 So.2d 906 (Miss. 1983); Wheat v. Thigpen, 431 So.2d 486 (Miss. 1983); Callahan v. State, 426 So.2d 801 (Miss. 1982); Holloway v. State, 261 So.2d 799 (Miss. 1979).
This Court is of the opinion that petitioner's application for leave to file his motion for post conviction relief is improperly pled, procedurally barred, and should hereby be denied.
MOTION FOR POST CONVICTION RELIEF DENIED.