577 So.2d 368 (1990)
John S. JORDAN
v.
STATE of Mississippi.
No. 90-M-201.
Supreme Court of Mississippi.
December 19, 1990.
Rehearing Denied February 13, 1991.
*369 Jim Waide, Tupelo, for petitioner.
Mike C. Moore, Atty. Gen., Billy L. Gore, Asst. Atty. Gen., Jackson, for respondent.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
ROBERTSON, Justice, for the Court:

I.
John S. Jordan has been finally convicted in the Circuit Court of Oktibbeha County, Mississippi, of the crime of forcible rape. Miss. Code Ann. § 97-3-65 (Supp. 1984). He has been sentenced to a term of fourteen years in prison and payment of a fine of $10,000.00. On direct appeal, this Court affirmed, with an opinion not designated for publication, a memorandum of which appears as Jordan v. State, 543 So.2d 191 (Miss. 1989). See Rule 35, Miss.Sup.Ct. Rules.
Jordan now files with this Court application for permission to file with the Circuit Court a petition for post-conviction relief. See Miss. Code Ann. § 99-39-27 (Supp. 1989), and Rule 22, Miss.Sup.Ct.Rules. He sets forth a number of grounds and urges his conviction be vacated and held for naught.

II.
The question before us is whether Jordan has presented a complaint such that he is entitled to an evidentiary hearing in the Circuit Court. Notice pleadings have no place in the post-conviction process, Neal v. State, 525 So.2d 1279, 1280 (Miss. 1987). Instead our law imports a regime of sworn, fact pleadings based upon personal knowledge. We have said of prisoner complaints:
The Court upon examination of the application has the authority to dismiss it outright,
if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief... . Miss. Code Ann. §§ 99-39-11(2)
On the other hand, if the application meets these pleading requirements and presents a claim procedurally alive "substantial[ly] showing denial of a state or federal right" the petitioner is entitled to an in court opportunity to prove his claims.
Neal v. State, 525 So.2d at 1281; Billiot v. State, 515 So.2d 1234, 1237 (Miss. 1987).

III.
Jordan first claims that his constitutionally secured right to a fair trial was violated when the Circuit Court directed a prosecution witness, Kathy Smith, a nurse, to go into the jury room for the purpose of assisting a juror, who had become ill. The record of the proceedings at trial reflects that Nurse Smith had assisted in the examination of the victim, G.M.R., when she came to the hospital immediately after reporting the rape.
This is the sort of issue which, under our post-conviction process, is ordinarily precluded. The record of the proceedings at trial reflects that this matter was within the knowledge of Jordan and his attorney at that time. There is no record of any objection, nor was the fact that Jordan took offense to this process in any way brought to the Circuit Court's attention, timely or otherwise. The matter was not presented on direct appeal. Under elementary notions of collateral estoppel, Jordan is precluded from asserting this issue at this time. See Miss. Code Ann. § 99-39-21(1) (Supp. 1990); Rule 22, Miss.Sup.Ct.Rules; Smith v. State, 490 So.2d 860, 861 (Miss. 1986).

IV.
Jordan next complains that the prosecution failed to disclose prior to trial an exculpatory *370 statement by his sister, Elizabeth Jackson. His point is that during law enforcement investigation his sister gave the officers a statement that the vehicle he was driving at the time of the rape was a green and white vehicle, rather than a blue vehicle as had been reported by G.M.R. The fact of this statement was brought out at trial when Jackson took the witness stand. Jordan in no way advised the Circuit Court that he felt his rights had been offended. On direct appeal he did not raise the point. He is precluded from raising it now. See Miss. Code Ann. § 99-39-21(1) (Supp. 1990); Rule 22, Miss.Sup.Ct.Rules; Smith v. State, 490 So.2d at 861.

V.
Jordan says he was denied a preliminary hearing, citing Rule 1.07, Miss.Unif.Crim.R. Cir.Ct.Prac., (1979). We have held there is no reason to read Rule 1.07 except as it is written. Avery v. State, 555 So.2d 1039 (Miss. 1990). On the other hand, this is a matter with respect to which Jordan made no objection or complaint before the Circuit Court, nor did he present the issue on direct appeal. Jordan is precluded from raising the point now. See Miss. Code Ann. § 99-39-21(1) (Supp. 1990); Rule 22, Miss. Sup.Ct.Rules; Smith v. State, 490 So.2d at 861.

VI.
Jordan next presents a claim to be allowed further proof which, as he sees it, would establish his innocence. See Miss. Code Ann. § 99-39-5(1)(e) (Supp. 1990). At trial Jordan did not appear as a witness on his own behalf. He now wants to testify to show that he had undergone a vasectomy in 1959 and was incapable of producing sperm. Jordan somehow has the impression that the tests done at the Oktibbeha County Hospital, when G.M.R. was examined shortly following the rape showed the presence of sperm, and he claims that the prosecution failed to provide this evidence through discovery. He wants a new trial where he can tell the jury of his vasectomy.
The matter of whether sperm was found in the vaginal swabbings or on the victim's clothing was explored fully at trial, and Dr. Michael Howe testified that no sperm were found. Instead, evidence of seminal fluid was found. In this context, Jordan now wants to show he was incapable of producing sperm! If Jordan were allowed to reopen the proceedings to go into this matter, he could only remove even the slightest doubt that he is guilty.
At Jordan's rape trial the prosecution proved, primarily through forensic serologist Larry Turner of the Mississippi Crime Lab, first, that Jordan had type A blood and is a secretor and, second, that the person who raped G.M.R. had type A blood with a secretor status. This testimony excluded sixty-eight percent of the male population as possible perpetrators, but not Jordan. If Jordan were now allowed to offer evidence that, years before the rape he had had a vasectomy, this fact, coupled with the testimony of Serologist Turner and Dr. Howe, would leave the proof somewhat like this: The person who raped G.M.R. had type A blood, was a secretor, but left no evidence of sperm. John S. Jordan had type A blood, was a secretor, and by reason of his vasectomy was incapable of producing sperm. Q.E.D. Jordan would drive the nail further into his coffin with his own proof. To the technical point, Jordan offers nothing on this point to suggest that there has been a substantial showing of a denial of a federal or state right which would be to his benefit or that he has evidence that undermines our confidence in the outcome of his trial. Neal v. State, 525 So.2d at 1281; Billiot v. State, 515 So.2d at 1237.

VII.
Jordan finally presents the catch-all charge that he was denied effective assistance of counsel at his trial. This claim, of course, is not barred. Miss. Code Ann. § 99-39-27(5) (Supp. 1990); Neal v. State, 525 So.2d at 1281; Perkins v. State, 487 So.2d 791, 792-93 (Miss. 1986); Read v. State, 430 So.2d 832, 836-42 (Miss. 1983). Jordan complains that his attorneys were deficient in their performance in five particulars.
*371 First, Jordan says his attorney failed to procure a preliminary hearing. Even if it be so that his attorney failed to procure such a preliminary hearing out of ineptness, no allegation or facts are presented how this matter in any way operated to Jordan's prejudice.
Second, Jordan complains that his attorney gave the prosecution permission to interview defense witnesses, while allowing the prosecution to disallow him from taking a deposition of the victim. We are told no reason why it was ineffectiveness to permit the prosecution to interview defense witnesses. The matter of deposing the victim prior to trial arose in the context of dependency of G.M.R.'s civil action in tort for damages. The Circuit Court denied Jordan the right to depose the victim prior to the criminal trial, and that matter was explored in detail on his direct appeal to this Court where we held that he had no right to such a pre-trial deposition and that the Circuit Court lacked the authority to require the victim to talk with defense counsel where the victim was unwilling to do so. See, e.g., Tolbert v. State, 511 So.2d 1368, 1378 (Miss. 1987); Scott v. State, 359 So.2d 1355, 1358 (Miss. 1978). It would seem that Jordan's counsel could not be faulted as ineffective for failing to secure that which Jordan had no right to obtain.
Next, counsel is faulted for not objecting when Nurse Kathy Smith was sent into the jury room to attend to a juror who had become ill. While we can certainly conceive of circumstances where the Court should not allow a witness for one side or the other, even though a physician or nurse, to attend a juror, we find Jordan's complaint lacking in facts or detail giving us the slightest clue how he may have been deprived in this manner of effective counsel. All we have before us is the innuendo that a prosecution witness attending a juror somehow infected the fairness of jury deliberations. While such matters should be scrutinized with care, we do not find anything suggesting that counsel's failure to object resulted in any significant prejudice to Jordan at his trial.
Finally, there is a claim that defense counsel erroneously kept Jordan from testifying in his behalf. We are told that counsel's concern was that a 1976 conviction could likely be used against him for impeachment. See Rule 609 Miss.R.Ev. We are now told that because this conviction was ten years old, the chances were that it could not have been used. Positively speaking, all we are told that Jordan would like to have presented to the jury was the evidence regarding his vasectomy. As we have explained above, this testimony would only have delivered the coup de grace to his defense.
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) furnishes the legal standard by which we consider a claim of ineffective assistance of counsel. We have followed the standard whether the claim be asserted under the federal or state constitution. Washington mandates a two-fold inquiry: (1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome was undermined.
In the present posture of the matter, we consider whether Jordan's showing in his application for post-conviction relief, his affidavit, coupled with the record made at his trial, render it sufficiently likely he received ineffective assistance of counsel that we should order an evidentiary hearing regarding the matter. Put otherwise, on the papers and record before us, can we say with confidence that at any evidentiary hearing Jordan will not be able to show he was denied effective assistance of counsel? Applying the substantive and procedural standards set out above, we hold that Jordan has not made out a substantial showing of a denial of his right of his right to effective assistance of counsel. His prayer for an evidentiary hearing on this issue is denied.
APPLICATION FOR LEAVE TO FILE COMPLAINT FOR POST-CONVICTION RELIEF DENIED.
*372 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
PRATHER, J., not participating.