ROBERTSON, Justice,
for the Court:
I.
Today’s question is whether a prisoner’s pro se petition that his parole has been unlawfully revoked is sufficient that he may survive summary dismissal. Petitioner’s complaint is that he has been acquitted of the principal offenses the Parole Board used as grounds for revoking his parole, by reason whereof he says he is entitled to have his parole reinstated. We find Petitioner’s allegations sufficient in specificity and substance that he has stated a claim for relief such that he is entitled to proceed beyond the pleading stage.
II.
A.
On December 2, 1966, R.B. Williams was convicted of murder in the Circuit Court of Warren County, Mississippi, and sentenced to life imprisonment. Under this sentence, Williams remained incarcerated at the Mississippi State Penitentiary (MSP) at Parch-man for more than ten years. It appears Williams was paroled on July 21, 1976, but that his parole was revoked in October of 1982, upon his arrest for carrying a concealed weapon. In 1984, Williams was paroled a second time.
Of concern for our present purposes, on December 12, 1987, while at liberty on parole, Williams was arrested in Warren County, Mississippi, and charged with kidnapping, rape and two counts of sexual battery. Nine days later, a complaint was filed before the Mississippi State Parole Board charging that Williams had violated the terms and conditions of his parole, that his parole should be revoked, and he should be returned to prison. The complaint leveled charges that Williams had violated three of the conditions of his parole and reads as follows:
*763 The charges against you are CONDITION 3 — Reporting. You missed 5 reporting days during 1987. And in arrears $460.00 on your supervision fees. CONDITION 5 — Violation of the Law. You were arrested on 12-12-87 for Kidnapping and Rape.
CONDITION 6 — Weapon. A knife was used in the kidnapping and rape and a knife was found in your room and identified as the weapon.
On December 31, 1987, the Mississippi State Parole Board, following a revocation hearing, ordered that Williams’ parole be revoked, and as grounds found “violation of condition #3, 5, 6.”
Williams now presents a copy of an order of the Circuit Court of Warren County dated March 17, 1988, which reflects that, on that date, he was put to trial on a four-count indictment, to-wit: kidnapping, rape, and two counts of sexual battery. The order reflects further:
After hearing all of the testimony, argument of Counsel, the Jury received the instructions of the Court and retired to consider their verdict. Afterwards they returned into open Court the following verdict to-wit:
COUNT I: Kidnapping “We the Jury find the defendant Not Guilty.”
COUNT II: Rape “We the Jury find the defendant Not Guilty.”
COUNT III: Sexual Battery “We the Jury find the defendant Not Guilty.” COUNT IV: Sexual Battery “We the Jury find the defendant Not Guilty.”
IT IS THEREUPON considered by the Court and so ordered that the defendant [R.B. Williams] go hence without delay, fully acquitted from answering further said indictment.
John E. Ellis_
CIRCUIT COURT JUDGE
Notwithstanding his acquittals, Williams has remained in custody and has, on at least two occasions, applied for and been denied re-release on parole.
B.
On October 16, 1989, Williams commenced the present action by filing, in the Circuit Court of Sunflower County, his pro se Petition for a Writ of Habeas Corpus. On May 25, 1990, Williams amended his application. Though inartfully drawn, Williams’ original petition, together with his amendments, set forth essentially the facts recited above and demand that respondents, originally named as the Mississippi State Parole Board and the Mississippi Department of Corrections, “be forthwith directed to reinstate his parole.”
The Circuit Court referred the matter to a Magistrate, who, on June 6, 1990, filed a Findings and Recommendations. The Magistrate acknowledged Williams’ acquittal on his four felony charges, but found and recommended that
Parole, or the reinstatement thereof, is not a matter of right. The State Parole Board has exclusive responsibility for granting parole. MISS.CODE ANN., § 47-7-5 (Supp.1989). Absent a showing of a violation of any right, this Court has no authority to disturb the decision of the State Parole Board.
The Magistrate thereupon recommended “that an evidentiary hearing is unnecessary” and that the case should “be dismissed with prejudice.”
On June 19, 1990, the Circuit Court entered its order adopting the Findings and Recommendations of the Magistrate and ordering that Williams’ petition be dismissed on its face and with prejudice. Williams now appeals to this Court.
III.
A.
Though styled as an action for habe-as corpus, we consider Williams’ application under the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5(l)(g) (Supp.1989). That act mandates that we study Williams’ pleadings and ask whether he makes a substantial showing of a denial of a state or federal right. Miss.Code Ann. § 99-39-27(5) (Supp.1986). The Circuit Court had *764 authority to dismiss the complaint on its face only
if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.
Miss.Code Ann. § 99-39-11(2) (Supp.1990). The Circuit Court did, in fact, dismiss Williams’ application on its face, and it challenges that we consider whether his application, as amended, together with the attached exhibits, is sufficient that it is not plain that he is entitled to no relief. See Myers v. State, 583 So.2d 174, 179 (Miss.1991) (Hawkins, P.J., concurring); Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990).
Our procedural posture is familiar. We take the well-pleaded, fact-specific allegations of the complaint as true. Moore v. Ruth, 556 So.2d at 1061; McFadden v. State, 542 So.2d 871, 874 (Miss.1989). Given the facts as stated in the complaint, we ask whether it is plain that Williams is entitled to no relief.
B.
This case asks that we build on the theme of Moore v. Ruth. In that case, we reaffirmed that “the Parole Board had broad authority regarding grants of parole,” 556 So.2d at 1061, but emphasized that a separate and distinct question is presented when one such as Williams has been granted parole and challenges the prerogatives of the Parole Board to revoke his parole.
On revocation, the state’s authority is much narrower, for before one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole. Miss. Code Ann. § 47-7-27 (Supp.1989).
Moore v. Ruth, 556 So.2d at 1061. Of course, a parolee’s commission of a felony while at liberty is grounds for revocation, and we recognized in Moore that parole authorities are not required to await the principal trial before commencing proceedings to revoke parole. Moore went further and held that acquittal in a criminal proceeding does not per se preclude parole revocation predicated upon facts and circumstances giving rise to the criminal charge. Moore v. Ruth, 556 So.2d at 1061-62. On the other hand, we held
The acquittal on the criminal charge means at the very least that, before the accused’s parole may be revoked, the state must offer actual proof that he committed an act violating the terms and conditions of his parole.
Moore v. Ruth, 556 So.2d at 1062. The Board may not rely on the mere fact that the parolee has been charged with a felony.
Returning to the Magistrate’s Findings and Recommendations, adopted by the Circuit Court, we find the same error as in Moore. The Magistrate and Court proceeded on the premise that
Parole, or the reinstatement thereof, is not a matter or right. The State Parole Board has exclusive responsibility for granting parole.
All of that may be true, but we are not here concerned with an application for parole or the reinstatement thereof. The question Williams presents is whether the Parole Board had authority to revoke his parole, and that is a very different question.
We have noted that the Board found two parole violations in addition to the criminal charges which were brought against Williams, and we have considered whether these standing alone might be sufficient to deny relief. The Board found five reporting violations and an arrearage of $460.00 in parole supervision fees and, as well, possession of a knife in Williams’ room. We are by no means prepared to say that these facts can never be grounds for revocation. What may • be fairly inferred is that the parole authorities had not considered Williams’ reporting violations and arrearages in supervision fees serious enough to merit revocation, prior to Williams’ arrest on the kidnapping and sex charges. It also appears that the knife was said to have been used in the alleged kidnapping and rape, and in view of Williams’ acquittal on those charges, it is not at all clear that Williams’ possession of the knife was either felonious or a violation of Parole Condition 6.
*765 The common sense of the matter is that the Warren County felony charges served as the driving impetus for the Board’s revoking Williams’ parole. On the papers before us, we cannot say with anything approaching confidence that the Parole Board would have revoked Williams’ parole had the full facts and circumstances of the kidnapping and sex charges been presented.
Taking as true the facts as alleged, it is certainly not plain on the face of the complaint that Williams is entitled to no relief. For these reasons, we hold that his complaint states a claim for relief such that he is entitled to proceed past the pleading stage. See Moore v. Ruth, 556 So.2d at 1062. As we said in Moore:
Nothing said here should be taken to intimate any view on the merits, or even that ... [Williams’] claim may survive summary judgment, see Miss.Code Ann. § 99-39-19(2) (Supp.1989) and Rule 56, Miss.R.Civ.P., only that ... [Williams’] complaint may not be dismissed on its face.
Moore v. Ruth, 556 So.2d at 1062. Accordingly, the order of the Circuit Court of June 19, 1990, is vacated and reversed, and this case is remanded to the Circuit Court for such further proceedings as may be appropriate not inconsistent with the law and this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.