IN THE SUPREME COURT OF MISSISSIPPI
NO. 95-KP-00105-SCT

*LEWIS BROCK*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/22/95 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | JOHN KITCHENS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED - 9/11/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/2/97 |

BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.

MILLS, JUSTICE, FOR THE COURT:

## STATEMENT OF THE CASE

Lewis Brock appeals to this Court from the Circuit Court of Madison County where Judge Robert Louis Goza, Jr. denied his Motion for Post Conviction Relief. The trial court found Brock's Motion to Vacate Sentence to be time barred as it was filed on July 18, 1994, while the record indicated that Brock entered a guilty plea on March 24, 1976. From the trial court's denial of his Motion for Post Conviction Relief, Brock appeals to this Court.

## STATEMENT OF THE ISSUES

**I. DID THE TRIAL COURT ERR BY NOT ADVISING BROCK OF THE MAXIMUM**

**AND MINIMUM PENALTIES OF THE CRIMES CHARGED, MAKING HIS GUILTY PLEA INVOLUNTARY?**

**II. WAS BROCK SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S ALLEGED FAILURE TO INFORM BROCK OF THE MAXIMUM AND MINIMUM SENTENCES FOR THE CRIMES CHARGED?**

## STATEMENT OF THE FACTS

On March 24, 1976, Brock plead guilty to the murder of Horace Johnson in the Circuit Court of Madison County, Mississippi. He was represented by counsel, Mr. Ben Block Jones. He was informed by the trial court that the penalty for murder was life imprisonment. The State also stated for the record that its recommendation, as part of a plea bargain agreement with Brock's counsel, was life imprisonment. Brock had been indicted for capital murder and robbery, and he could have faced the death penalty if convicted. After Brock stated that he had not been threatened or promised anything in return for pleading guilty and the trial court advised Brock of the rights he was waiving by pleading guilty, the Circuit Court of Madison County accepted Brock's guilty plea as having been knowingly, freely and voluntarily entered. The trial court then sentenced Brock to serve the remainder of his life in prison.

On July 18, 1994, Brock filed a Motion to Vacate Judgment. On February 22, 1995, the trial court denied the motion as time barred. Brock now appeals to this Court asserting that his plea was involuntary and his counsel was ineffective.

## ANALYSIS

### I. DID THE TRIAL COURT ERR BY NOT ADVISING BROCK OF THE MAXIMUM AND MINIMUM PENALTIES OF THE CRIMES CHARGED, MAKING HIS GUILTY PLEA INVOLUNTARY?

Brock claims that the trial court did not inform him of the maximum and minimum sentences that could be imposed for a conviction of murder in violation of Mississippi Uniform Circuit and County Court Rule 8.04(4)(b) (1996). *See Vittitoe v. State*, 556 So.2d 1062 (Miss. 1990); *Mallett v. State*, 592 So.2d 524 (Miss. 1991). Therefore, his plea is involuntary because, had he known that the only sentence available for murder was life imprisonment, he would have taken the case to trial.

Brock's argument is wholly without merit. Brock cites a myriad of cases that do nothing to alter the fact that he was properly informed by the trial court. As indicated by the following excerpt from the transcript of the plea hearing, Brock was properly informed of the sentence for murder.

(By the Court)

Q. Do you understand that the killing of a human being without authority of law or by any means or in any manner in the following cases: when done with deliberate design to effect the death of the person killed of any human being; when done in the commission of an act eminently dangerous to others, and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual; when done without any design to effect death, by any person engaged in the commission of the crime of rape, burglary

arson, or robbery, or in any attempt to commit such felonies[1]. Do you understand that is the crime of murder?

(Brock)

A. Yes, sir.

(The Court)

Q. Do you understand that every person who shall be guilty of murder shall be sentenced by the Court to imprisonment in the state penitentiary for life?

(Brock)

A. Yes, sir.

Brock was clearly informed of the maximum and minimum sentences for the crimes involved because life imprisonment is the **only** sentence available under Miss. Code Ann. § 97-3-21. This fact was clearly stated by the trial court. The fact that the trial judge did not say that "the maximum penalty for murder is life and the minimum penalty for murder is life" does not negate the effectiveness of his words.

Brock claims that his plea was involuntary because he would have taken the case to trial if he had known the maximum and minimum sentences available. However, Brock fails to mention that he was indicted for **capital** murder and robbery. It is obvious from the record that Brock had no interest in facing the death penalty and entered a plea to avoid that prospect.

The State argues that Brock's motion is time barred, regardless of its merit. Brock plead guilty on March 24, 1976, and filed his Motion to Vacate on July 18, 1994. Miss. Code Ann. § 99-39-5 was adopted on April 17, 1984. Therefore, Brock was time barred as of April 17, 1987, three years after the enactment of the statute. Brock's motion was filed over seven years after the last available date for filing. The trial court was correct in finding Brock's motion to be time barred.

Brock's argument is without merit and time barred. It is clear from the record that Brock was informed that the only sentence that he could possibly receive was life in prison. Brock entered this agreement to avoid facing a capital murder charge and the death penalty. Furthermore, his motion is time barred by over seven years. Therefore, we affirm the lower court's denial of Brock's Motion for Post Conviction Relief as to this issue.

### II. WAS BROCK SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S ALLEGED FAILURE TO INFORM BROCK OF THE MAXIMUM AND MINIMUM SENTENCES FOR THE CRIMES CHARGED?

Brock contends that he was subjected to ineffective assistance of counsel for his attorney's failure to inform him of the maximum and minimum sentences available for murder. As discussed above, it is clear that Brock was informed of the only sentence available for the charge of murder: life in prison.

Ineffective assistance of counsel is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This standard was reiterated by

this Court in *Gilliard v. State*, 462 So.2d 710, 714 (Miss. 1985), which requires the Appellant to meet the following two-part test to be successful in an action for ineffective assistance of counsel:

> "(a) The petitioner must show that counsel's conduct was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment, and

> (b) If the petitioner can show that his counsel was ineffective, then he must show that he was prejudiced by counsel's mistakes."

*Gilliard*, at 714.

Brock meets neither part of the *Strickland* test. Brock was charged with capital murder and robbery. He entered a plea to the lesser included offense of murder in order to avoid a possible death sentence. The robbery charge was dismissed altogether. Brock can show no negative effects of the alleged ineffective assistance of counsel. It appears that Brock's attorney was quite effective in negotiating with the prosecution to avoid the possibility of the death penalty. In fact, Brock's attorney stated at the plea hearing that he was ready for trial and did not recommend the guilty plea, but Brock insisted. Furthermore, it is quite clear from the record that Brock was properly informed of the impending sentence by both his counsel and the trial court. When asked if he was satisfied with his counsel at the plea hearing, Brock answered in the affirmative.

The State argues that Brock waived this argument because he did not include an affidavit from the accused counsel or a statement showing "good cause" for failing to include such affidavit as required by Miss. Code Ann. § 99-39-9(1)(e). *See Smith v. State*, 490 So.2d 860 (Miss. 1986). The State also contends that this issue is time barred, as discussed above. We agree with the State on both points.

This issue is without merit. Brock meets neither part of the *Strickland* test and is in violation of Miss. Code Ann. § 99-39-9(1)(e) for failing to include an affidavit from his allegedly ineffective counsel. Furthermore, this issue is time barred. It is clear from the record that Brock was informed of the sentence for murder and that his counsel was effective by entering a plea agreement. Therefore, the trial court's denial of Brock's Motion for Post Conviction Relief is affirmed as to this issue.

## CONCLUSION

Brock makes no argument of merit in his Motion for Post Conviction Relief. The motion is clearly time barred by over seven years, and Brock's arguments are in contradiction to the record. Therefore, we affirm the decision of the trial court.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**

1. The trial court read § 97-3-19(1) almost verbatim but should have stated that murder applies when "in the commission of a crime **other than** rape, burglary, etc." However, he did include the proper

sentence of life imprisonment as applied to murder rather than the sentence of death for capital murder.