# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-KP-00356-SCT

*ROGER HENTZ*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/08/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JO ANNE McLEOD |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/25/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/16/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Appellant, Roger Hentz, prays for relief from the judgment of the Circuit Court of Sunflower County which denied him an evidentiary hearing to determine whether the State Parole Board had violated his Due Process rights by revoking his parole. We affirm the circuit court without prejudice to the appellant to refile.

## FACTS

Roger Hentz was granted parole by the Mississippi State Parole Board on November 13, 1994. On December 2, 1994, a warrant was issued for his arrest in Panola County, alleging that he violated parole by leaving the county without permission, using alcohol, being arrested for Driving Under the Influence and driving with no tag in DeSoto County, and pawning and selling a firearm. On

December 5, 1994, Hentz waived his right to a preliminary parole revocation hearing. He was thereafter moved to the Central Mississippi Correctional Facility in Rankin County.

On March 1, 1995, a parole revocation hearing was held. According to Hentz, the Board received only his testimony. There was no additional testimony from his parole officer or any other official or witness. As a result, Hentz claims that his parole was revoked solely on hearsay evidence. Hentz also claims that he was not able to produce any witnesses in his own behalf at the revocation hearing because he was not advised that the hearing would be held on March 1, 1995. Therefore, he could not inform his witnesses, all of whom lived at least 175 miles away from where the hearing was held. Hentz further claims that the board revoked his parole for possessing the firearm and dismissed his other alleged violations. The firearm charge was subsequently retired to the files of the Panola County District Attorney for lack of prosecution. However no record of the hearing, its outcome, or the nature of the proceedings is present in the documents before this Court for review.

On December 4, 1995, Hentz was transferred to Parchman. There, he filed a grievance with the prison Legal Claims Adjudicator concerning his parole revocation. On December 21, 1995, the Legal Claims Adjudicator forwarded Hentz a certificate stating that his grievance was not within the scope of the administrative remedy program and granting him eligibility to pursue judicial relief. On January 9, 1996, Hentz forwarded to the Circuit Court of Sunflower County a Petition for Writ of Habeas Corpus or an or an Order to Show Cause. On March 8, 1996, the Circuit Court of Sunflower County summarily dismissed Hentz's Petition. Aggrieved, Hentz appeals.

## STANDARD OF REVIEW

Though styled as an action for habeas corpus, this Court considers Hentz's application under the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss.Code Ann. § 99-39-5(1)(g) (Supp. 1996). That act mandates that this Court study Hentz's pleadings and ask whether he makes a substantial showing of a denial of a state or federal right. Miss.Code Ann. § 99-39-27(5) (Supp. 1996). The circuit court had authority to dismiss the complaint on its face only

> if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.

Miss.Code Ann. § 99-39-11(2) (Supp. 1996). The circuit court did in fact dismiss Hentz's application on its face, and it challenges that this Court consider whether his application, as amended, together with the attached exhibits, is sufficient that it is not plain that he is entitled to no relief. *Williams v. Castilla,* 585 So. 2d 761, 763-64 (Miss. 1991); *Moore v. Ruth,* 556 So.2d 1059, 1061 (Miss. 1990).

This Court will take the well pleaded, fact specific allegations of the complaint as true. *Williams v. Castilla,* 585 So. 2d at 764; *Moore v. Ruth*, 556 So. 2d at 1061. Where, as here, the prisoner is proceeding *pro se*, this Court takes that fact into account and, in its discretion, credits not so well-pleaded allegations to the end that a prisoner's meritorious complaint may not be lost because inartfully drafted. *Id.* at 1061.

## DISCUSSION OF LAW

**WHETHER THE CIRCUIT COURT ERRED IN SUMMARILY DISMISSING HENTZ'S**

**PETITION FOR POST-CONVICTION RELIEF.**

Hentz's primary claim is that the circuit court erred because Hentz is no different than the appellants in *Williams v. Castilla, supra,* and *Moore v. Ruth*, *supra.* In *Moore*, the appellant had been released on parole and was subsequently arrested on a rape charge, of which he was later acquitted. However, at news of his arrest, the parole board revoked his parole. This Court held in that case that while the State did not have to prove beyond a reasonable doubt that Moore had committed rape in order to revoke his parole, the State had to offer actual proof that he committed an act in violation of his parole, and the mere fact that he was arrested and charged with rape would hardly suffice. As a result, Moore was entitled to proceed beyond the pleading stage in his quest to have his parole reinstated. *Moore v. Ruth* at 1062.

In *Williams*, the appellant had been acquitted of kidnapping and rape charges which served as the basis for revoking his parole. Additionally, there were other parole violations with which Williams had been charged. The Court, citing *Moore v. Ruth* again held that the State must show facts and circumstances amounting to a violation of parole before it could revoke a prisoner's parole. The Court addressed the additional violations by stating that the parole board was not concerned with the other minor violations of parole prior to the time in which Williams was accused with kidnapping and rape. Thus, those violations were insufficient to deny Williams petition to go beyond the pleading stage absent some other showing by the State that Williams had violated parole. *Williams v. Castilla* at 764.

The State, for its part, argues that four cases control the outcome of this one. In *Brooks v. State*, 573 So. 2d 1350 (Miss. 1990), the Court upheld a circuit court's dismissal without a hearing because the appellant, alleging ineffective assistance of counsel, did not state with "specificity and detail" his counsel's deficiency of performance and its resulting prejudice to his defense. The State argues that the *Brooks* case, and the others cited *infra,* are dispositive because they stand for the concept that a defendant must support his motion for post conviction relief with affidavits other than his own. In further support of that argument, the State cites *Robertson v. State,* 669 So. 2d 11 (Miss. 1996). *Robertson,* like *Brooks,* deals with the statutory requirement of Miss.Code Ann. § 99-39-9 (1972) which sets out the requirements of a motion and service. Those requirements are that affidavits should be supplied, or a reason given for failure to do so, only for those facts not within the prisoner's personal knowledge. Miss.Code Ann. § 99-39-9(1)(e). Hentz has given an affidavit which states the facts upon which he intends to rely. Those facts are that the gun charge against him was dismissed for failure to prosecute, and that all other charges against him were dismissed. Additionally, he charges that his parole revocation hearing was without notice and was held so far away from the scene of his alleged transgressions as to make participation impossible by any witnesses on his behalf. The statute requires no more of him. *See* *Robertson v. State,* 669 So. 2d 11, 14, Banks, J. concurring.

The State also cites *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995) to bolster the proposition that an appellant seeking post-conviction relief may not rely solely on his own affidavit. While that is the wording of *Vielee*, it appears that the underpinnings of *Vielee*'s premise are faulty. *Vielee* relies upon *Brooks*, which, as has been pointed out, inadvertently misreads the statute to require affidavits from persons other than the appellant in order to warrant an evidentiary hearing. Furthermore, both *Brooks* and *Vielee* cite to *Smith v. State*, 490 So. 2d 860 (Miss. 1986) for the proposition that this Court has made an implicit rejection of reliance upon solo affidavits. *Smith v. State* makes no such

implicit or explicit rejection of reliance solely upon the affidavit of the appellant for relief in an evidentiary hearing. Secondly, *Vielee* and *Brooks* both involve ineffective assistance of counsel cases where counsel's ineffectiveness was not alleged with specificity and detail. That is the premise which finds support in *Smith*. However, nowhere does *Smith* state that there must be an affidavit other than the defendant's own. It merely interprets the statute to require that there be an affidavit supporting the allegations alleged in the petition.

With that said, we affirm the trial judge for the following reason, it is the responsibility of the appellant to make the record upon which he intends to rely upon appeal. M.R.A.P.10(b)(2). In this case, the trial judge had no record of the revocation proceedings from which to determine if Hentz's claim was meritorious. It was Hentz's responsibility to designate the record of the revocation hearing for the trial judge's review. If the revocation proceedings were not recorded or transcribed, then it was Hentz's responsibility to prepare a statement of the evidence or hearing proceedings from the best available means, including his own recollection. M.R.A.P. 10(c). Because the trial judge was supplied with neither of these, he had no record upon which to base consideration of a motion for an evidentiary hearing.

As a result, the trial judge was not clearly erroneous in denying Hentz's motion on its face because there was no evidence from which to base a ruling granting an evidentiary hearing. Thus, the ruling of the trial court is affirmed.

However, we affirm the ruling of the trial court without prejudice to the appellant to refile when he has included the relevant information in the record according to the dictates of Miss. Code Ann. § 99-39-23(6) (Supp. 1996).

## CONCLUSION

The Court affirms the judgment of the circuit court denying on its face a motion for an evidentiary hearing to contest parole revocation because the appellant did not sufficiently designate the record of the revocation hearing. We reject the State's contention that the appellant's claim is meritless because it is supported solely by his own affidavit. Such a holding is not in accordance with the dictates of statutory law in this state.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**