669 So.2d 11 (1996)
Walter ROBERTSON
v.
STATE of Mississippi.
No. 92-KP-00479-SCT.
Supreme Court of Mississippi, En Banc.
January 25, 1996.
Walter Robertson, Parchman, Pro Se.
Michael C. Moore, Attorney General, Wayne Snuggs, Assistant Attorney General, Jackson, for appellee.
McRAE, Justice, for the Court:
This case involves an appeal from an Oktibbeha County Circuit Court order denying post-conviction relief to Walter Robertson without an evidentiary hearing. Robertson attacked his conviction and five year sentence for the crime of felony jail escape to which he had entered a plea of guilty as an habitual offender pursuant to a plea bargain agreement. He contends that he was misled by counsel as to the potential maximum sentence which could be imposed for the crime he committed. This Court finds that his petition for relief is deficient in accordance with Miss. Code Ann. § 99-39-9(1) (1994) since the only evidentiary support for his claim was his own affidavit. Therefore, the denial of post-conviction relief is affirmed.
Robertson was arrested on July 20, 1990 and charged with escaping from the Oktibbeha County Jail, where he had been confined pursuant to an arrest warrant charging him with aggravated assault and parole violations. It was noted that Robertson had two *12 prior convictions, one for aggravated assault and the other for grand larceny.
On August 2, 1990, Robertson, represented by court appointed counsel Jimmy Brown, entered a petition to enter a plea of guilty to the charge of escape under Miss. Code Ann. § 97-9-49 (1994) which carried a maximum sentence of five years for habitual offenders. Robertson indicated in his petition that he understood that the district attorney would recommend to the court a five year sentence and dismiss the charge of aggravated assault in return for his plea of guilty to the felony escape charge. The aggravated assault charge carried a potential sentence of thirty years' imprisonment. Robertson also signed and filed a waiver of indictment to the charge of escape that same day.
Robertson, represented by Brown, pled guilty to escape as an habitual offender on August 2, 1990 in the Oktibbeha County Circuit Court. He received the five year sentence recommended by the district attorney, and the State passed to the files the indictment charging Robertson with aggravated assault.
On August 22, 1991, Robertson filed a motion to vacate his conviction and sentence. Robertson argued that because he escaped from work detail at the county barn, a place he had been entrusted to be by the sheriff, he should have been sentenced under Miss. Code Ann. § 97-9-49(2), which provides for a six month sentence for escape by one entrusted to leave the jail, rather than § 97-9-49(1), which provides for a five year sentence for escape from the county jail or custody. He maintained that he would not have pled guilty had he known of the six month sentence. Robertson asserted that he was entitled to relief because he was not aware of his rights at the time of his guilty plea. He argues that his counsel was ineffective in advising him to plead guilty to escape as a habitual offender. Robertson maintains that his counsel erroneously failed to object to his five year sentence and that he was not properly advised of his rights.
Along with his petition for relief, Robertson filed an affidavit which contained the following assertions: Robertson was a pretrial detainee awaiting trial for assault charges when he was entrusted by the sheriff of Oktibbeha County to perform work detail at the Starkville county barn; while on work detail at the county barn on July 20, 1990, he left the job site without permission; a few hours later he was captured and returned to jail; he was told by his attorney that he would only be convicted of escape if he pled guilty, and he was not aware at the time he pled guilty that he could only have been sentenced to six months for his escape.
Robertson's Motion for Post-Conviction Relief was denied on April 23, 1992 without an evidentiary hearing. After reviewing the plea transcript, the petition to enter the guilty plea, and the charge to which Robertson entered his plea, the court found that there was no basis for relief under the Post-Conviction Relief Act. Aggrieved by that denial, Robertson filed this appeal.
The State contends that Robertson has failed to allege with the required "specificity and detail" that his counsel's performance was deficient and that his defense was prejudiced by such deficient performance. The State asserts that it was not error for the trial court to overrule Robertson's motion without an evidentiary hearing particularly since Robertson failed to support his allegations with any affidavits other than his own.
Miss. Code Ann. § 99-39-11 (1994) provides in part:
(1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Miss. Code Ann. § 99-39-9(1) (1994) requires that the motion for post-conviction relief contain the following pleading information:
(c) A concise statement of the claims or grounds upon which the motion is based.

*13 (d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.
(e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of the documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This statement shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.
A prima facie claim must be stated by the defendant in his petition to the lower court in order to obtain an evidentiary hearing on the merits of an ineffective assistance of counsel issue. Brooks v. State, 573 So.2d 1350, 1353 (Miss. 1990) (citing Read v. State, 430 So.2d 832, 841 (Miss. 1983)).
We adhere to the principle that a post-conviction relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
Harveston v. State, 597 So.2d 641, 643 (Miss. 1992) (citations omitted). A post-conviction claim of ineffective assistance of counsel is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit. Sanders v. State, 440 So.2d 278, 284 (Miss. 1983). Such is the case where the defendant fails to allege with "specificity and detail" that his counsel's performance was deficient and prejudicial to his defense. Brooks, 573 So.2d at 1354; Perkins v. State, 487 So.2d 791, 793 (Miss. 1986).
The Brooks case involved a prisoner who claimed that his attorney was ineffective in failing to object to allegedly defective indictments and in advising him to plead guilty. In rejecting the prisoner's claim, this Court held:
Brooks failed to allege with the "specificity and detail" required that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Perkins v. State, supra, 487 So.2d at 793. Put another way, the petitioner's showing was not in proper form. The facts he alleged in his proposed motion and the brief submitted in support thereof were not supported by any affidavits other than his own. See Smith v. State, 490 So.2d 860 (Miss. 1986) (Defendant seeking post-conviction relief based on contention he was deprived of right to effective assistance of counsel, failed to meet the pleading requirements of § 99-39-9(1)(e), Miss. Code 1972 Ann. Brooks' complaint concerning his lawyer is without merit for this reason if for no other.
Brooks, 573 So.2d at 1354.
Robertson's ineffective assistance of counsel complaint, as in Brooks, is deficient in that his own affidavit did not track the statute in detail and was the only evidentiary support for his claim in his motion for post-conviction relief. According to the record, Robertson pled guilty to escape from the Oktibbeha County Jail. Robertson is the sole source of information indicating that he escaped while on work detail at the county barn. He has presented no affidavits from anyone else, or any other evidence, demonstrating that he escaped from somewhere other than the Oktibbeha County Jail.
Nor did he state how his attorney's performance was deficient. The attorney merely related the State's offer to drop an aggravated assault charge in return for Robertson's plea of guilty to the felony escape charge. By accepting the plea bargain, Robertson received a five year sentence in return for the dismissal of a charge carrying a maximum sentence of thirty years. In this regard, Robertson failed to demonstrate that his representation was deficient.
Since Robertson's petition to vacate and set aside his conviction and sentence was not supported by any affidavits other than his own, he has failed to satisfy the pleading requirements of Miss. Code Ann. § 99-39-9 (1994). Under the authority of Brooks, the *14 trial court did not err in overruling his motion without granting an evidentiary hearing. Furthermore, Robertson failed to establish a prima facie claim that his attorney's performance was deficient. Therefore, the denial of Robertson's petition for post-conviction relief is hereby affirmed.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED.
DAN M. LEE, C.J., and PITTMAN, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
BANKS, J., concurs with separate written opinion joined by PRATHER and SULLIVAN, P.JJ.
BANKS, Justice, concurring:
I cannot agree with the majority resolution of this case insofar as it travels on the erroneous premise that, in order to be entitled to an evidentiary hearing, one seeking post-conviction relief must produce some affidavit other than his own. That is not what the statute requires. The statute requires that affidavits should be supplied or a reason given for the failure to do so, only for the those facts not within the prisoner's personal knowledge. Miss. Code Ann. § 99-39-9(1) (1972). Robertson has given an affidavit offering proof of those facts upon which he intends to rely. He also alleges with "specificity and detail" that counsel failed to advise him that he could only have been sentenced under Miss. Code Ann. § 97-9-49(2) (1972) and that had he had that advice he would not have entered a plea. Our statute requires no more of him.
While Brooks v. State, 573 So.2d 1350 (Miss. 1990) case makes note of the fact that Brooks offered no affidavits other than his own, in the end the decision was based on lack of merit in a claim based entirely upon non-jurisdictional alleged defects in an indictment. Id. at 1353-55. That decision should not be construed as requiring affidavits other than those required explicitly by the statute. The fact is that Brooks did not produce a sufficient affidavit to support a claim, accepting all that he said as true.
On the other hand, taking Robertson's affidavit at face value, I agree that a prima facie case of ineffective assistance of counsel has not been made. Robertson's contention that he was not amenable to sentence under Miss. Code Ann. § 97-9-49(1) (1972) is without merit in that his alleged circumstance is subject to an interpretation that he escaped from "any custody" as that term is used in the statute. His affidavit does not negate the circumstance that he was under supervision at the county barn and thus still in custody while outside the jail as opposed to having been sent to another place under no supervision. State v. Bradford, 522 So.2d 227 (Miss. 1988). In fact, he alleges that he was escorted from the jail to the work site, not entrusted to leave the jail to go to a work site. It cannot be said that if what is alleged is accepted as fact, there is a prima facie case of ineffective assistance of counsel. This is especially so in light of the fact that in order to have pursued a legal defense based upon the place of escape, Robertson would have risked prosecution on the aggravated assault charge as an habitual offender and a resulting possible sentence of twenty years without parole.
For the foregoing reasons I concur with the result reached by the majority.
PRATHER and SULLIVAN, P.JJ., join this opinion.