IRVING, P.J., for the Court:
¶ 1. On May 6, 2009, Moses McBride pleaded guilty to two counts of capital murder. Following his guilty plea, the Oktibbeha County Circuit Court sentenced McBride to two consecutive life sentences in the custody of the Mississippi Department of Corrections without the possibility of parole or probation. On May 16, 2011, McBride filed a motion for post-conviction relief (PCR), which the circuit court dismissed. Feeling aggrieved, McBride appeals and argues that: (1) the circuit court erred in accepting his guilty pleas because they were involuntary, and (2) he received ineffective assistance of counsel.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On June 15, 2008, McBride broke into Prentiss Cork and Stephanie Bed-ford’s home where he believed his wife, Erica McBride, was having an affair. Once inside the home, McBride shot Erica, shot and killed Bedford, and shot Cork in the leg. Despite her injury, Erica managed to run from the home and into the *979 woods. McBride followed Erica into the woods and killed her.
¶ 4. On January 14, 2009, an Oktibbeha County grand jury indicted McBride for burglary of a dwelling, two counts of capital murder, and aggravated assault. McBride agreed to plead guilty to the capital-murder charges. As part of McBride’s plea agreement, the State agreed not to prosecute the charges for burglary and aggravated assault.
¶ 5. In his PCR motion, McBride alleged that: (1) his police statement was coerced; (2)“the State unreasonably delayed in bringing [him] to trial”; (3) “the State incorrectly charged [him] of an elevated charge”; and (4) he received ineffective assistance of counsel. The circuit court dismissed McBride’s PCR motion, finding that his allegations were without merit.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. An appellate court will not reverse a circuit court’s dismissal of a PCR motion unless the decision was clearly erroneous. Lee v. State, 78 So.3d 330, 331 (¶ 5) (Miss.2012). Questions of law, however, are reviewed de novo. Id.

1. Involuntary Guilty Pleas

¶ 8. McBride contends that his guilty pleas were involuntary. However, he never challenged the voluntariness of his guilty pleas in his PCR motion. He only alleged that his police statement was coerced. Because McBride’s argument concerning the voluntariness of his guilty pleas is raised for the first time on appeal, it is procedurally barred. Foster v. Stale, 716 So.2d 538, 540 (¶ 9) (Miss.1998).
¶ 9. Procedural bar aside, McBride’s claim is without merit. The Mississippi Supreme Court has held that a plea is voluntary when “the defendant is advised concerning the nature of the charges against him and the consequences of the plea.” Loden v. State, 971 So.2d 548, 573 (¶ 60) (Miss.2007) (quoting Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). Moreover, “when the [circuit] court questions the defendant and explains his rights and the effects and consequences of the plea on the record, the plea is rendered voluntary despite advice given to the defendant by his attorney.” Id. (quoting Harris v. State, 806 So.2d 1127, 1130 (¶ 9) (Miss.2002)).
¶ 10. In this case, the circuit court advised McBride of the charges against him, his constitutional rights, and the consequences of pleading guilty. McBride acknowledged that he understood his rights and the charges against him. He also admitted that he was guilty. While McBride expressed some discontent with his attorney’s advice to accept the plea agreement, he admitted that his real problem was with the resulting sentences of life without parole. After the court explained to him that the only sentencing options available for capital murder were death and life without parole, McBride acknowledged that he understood and proceeded to enter his guilty pleas. As such, we find that McBride’s guilty pleas were voluntary. Consequently, this issue is without merit.

2. Ineffective Assistance of Counsel

¶ 11. In order to prevail on a claim of ineffective assistance of counsel, a defendant “must show that [his] counsel’s representation fell below an objective standard of reasonableness.” Hannah v. State, 943 So.2d 20, 24 (¶6) (Miss.2006) (citing Strickland v. Washington, 466 U.S. *980 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Additionally, a defendant must show that “there is [a] reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). The Strickland test also applies when a defendant challenges his guilty plea. Id. “As applied to the plea process, the focus of the first prong remains the same, while the second prong focuses on whether counsel’s unprofessional performance affected the outcome.” Id. at (¶ 7) (citing Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 208 (1985)). Therefore, McBride must show that “there is a reasonable probability that, but for counsel’s errors, [he] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different.” Id. Furthermore, a defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own. Robertson v. State, 669 So.2d 11, 18 (Miss.1996).
¶ 12. McBride contends that he received ineffective assistance of counsel because his defense counsel failed to discuss defense strategies with him. Particularly, McBride asserts that had his counsel discussed heat-of-passion manslaughter with him, he “could have made a more informed decision regarding whether to plead guilty to the two counts of capital murder or proceed to trial.” However, he has not alleged that a trial would have yielded a different result. McBride has also failed to provide any affidavits in support of his claim of ineffective assistance of counsel. Instead, his claim is based solely on the allegations made in his brief. Thus, McBride has failed to demonstrate that his trial counsel was ineffective. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.