MAXWELL, J.,
for the Court:
¶ 1. Virgil Breeden Jr. seeks post-conviction relief (PCR) from two convictions of attempted capital murder. He claims ineffective assistance of counsel rendered his guilty plea involuntary. The circuit court summarily dismissed Breeden’s PCR petition because he did not attach any third-party affidavits, leaving his unsupported allegations insufficient to survive dismissal.
¶ 2. We affirm the circuit court’s judgment. While Breeden is correct that he did not have to attach third-party affidavits for his PCR petition to comply with statutory pleading requirements, without third-party affidavits, Breeden has only his own allegations that his guilty plea was involuntary. As these allegations are belied by his prior sworn testimony regarding his plea, Breeden failed to make a prima facie claim entitling him to an evi-dentiary hearing.
*977 Background and Procedural History
I. Guilty Plea and Sentence
¶ 3. In 2007, Breeden pled guilty to two counts of attempted capital murder. On the first count, he was sentenced to ten years’ imprisonment, with all ten years to serve in the custody of the Mississippi Department of Corrections (MDOC). On the second count, he was sentenced to ten years’ imprisonment, to be served consecutively, with five years to serve in the custody of the MDOC and five years suspended, on condition of post-release supervision. So in total, Breeden was sentenced to fifteen years in prison.
II. PCR Petition
¶ 4. In 2010, Breeden filed a PCR petition pro se, alleging his counsel was deficient and, but for these deficiencies, he would not have plead guilty.[1] According to Breeden, in the four months leading up to his guilty plea, he met with four different public defenders. Breeden asserts, while his first two attorneys told him he “had a good case under a specific rule of law,” the third attorney told Breeden he “can’t enter any of your evidence in court.”[2] Breeden claims his third attorney said that failure to accept a plea would lead to twenty “mandatory” years versus the five years Breeden would receive if he pled guilty. Breeden alleges this contradictory advise prevented him from making an informed decision.
¶ 5. .Breeden met with his fourth attorney, Jay Mabry, days before he pled guilty. Mabry told Breeden the prosecution’s best offer was ten years and five years, to be served consecutively. According to Breeden, Mabry assured Breeden the first sentence would run concurrently with a separate five-year sentence for uttering a forgery. Breeden claims Mabry called the third attorney, who reiterated none of Breeden’s defense evidence was admissible. Mabry also called the prosecutor, who confirmed Breeden would only be “locked up” for about five years and eight months. Breeden alleges that he would not have pled guilty but for this assurance.
¶ 6. According to Breeden, no mention of his forgery sentence was made at the plea hearing, and no one informed him the recommendation for a ten-year and a five-year sentence would result in “mandatory” time served. Breeden also claims he never actually said he was “guilty.” The circuit judge asked Breeden, “Did you, in fact, commit these crimes?” Breeden replied, “I tried to have two old people killed.” Breeden now claims he gave an evasive answer because he was in fact innocent.
¶ 7. Though he attached no affidavits to his PCR petition, Breeden stated he would call Mabry to testify at the evidentiary hearing about the assurances that the sentences would run concurrently with his forgery sentence and Mabry’s “firm representation” that Breeden would be “locked up” for fewer than six years. Breeden stated he would also call a representative from the MDOC who would authenticate *978 an MDOC document that showed Breeden was not given the promised time served or concurrent sentences of less than six years. Instead, adding the attempted-murder sentences to the forgery sentence resulted in twenty years total.
¶ 8. The circuit court dismissed Breeden’s PCR petition without a hearing. The circuit count found that because “Breeden has not attached any exhibits or affidavits to support his [petition] ... it is plainly evident that Breeden is not entitled to any relief.” The circuit court also found Breeden had “failed to meet the high burden imposed by Strickland to prove ineffective assistance of counsel.” See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (establishing two-prong test for ineffective assistance of counsel). The court quoted from the transcript of Breeden’s plea colloquy, emphasizing portions of the hearing where Breeden stated under oath he was satisfied with his counsel, agreed he had been properly advised, and asserted twice that he “tried to have two old people killed.” The court also pointed out its clear advise to Breeden about the maximum sentences[3] that could be imposed upon on his guilty plea.
III. Appeal
¶ 9. On appeal, Breeden argues the Uniform Post-Conviction Collateral Relief Act does not demand the inclusion of affidavits. Breeden also argues, based on the specific assertions in his petition, that he should have been granted a hearing on his claim that ineffective assistance of counsel rendered his guilty plea involuntary. See Miss.Code Ann. § 99 — 39—5(l)(g) (Supp. 2011) (granting statutory right to have criminal judgment set aside based on involuntary guilty plea); Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss.Ct.App.2011) (holding that a voluntary guilty plea waives a claim of ineffective assistance of counsel “except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea” (quoting United States v. Cavitt, 550 F.3d 430, 441 (5th Cir.2008))).
Standard of Review
¶ 10. We review the dismissal of a PCR petition for abuse of discretion. Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009). A circuit court may summarily dismiss a PCR petition “[i]f it plainly appears from the face of the [petition], any annexed exhibits and the prior proceedings in the case that the [petitioner] is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2011). “A post-conviction claim of ineffective assistance of counsel is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit.” Robertson v. State, 669 So.2d 11, 13 (Miss.1996).
Discussion
¶ 11. The circuit court dismissed Bree-den’s PCR petition as having no merit because: (1) he did not attach any affidavits in support, and (2) his plea transcript showed he was satisfied with his counsel’s performance and that he voluntarily pled guilty. We find, under the circumstances, Breeden was not statutorily required to attached third-party affidavits to his petition. But, as a practical matter, without third-affidavits, Breeden is left solely with his own allegations. And Breeden’s unsupported allegations of ineffective assistance are in such direct conflict with his *979 prior sworn testimony as to render his allegations meritless. For this reason, Breeden was not entitled to an evidentiary hearing.
I. Failure to Attach Affidavits
¶ 12. Mississippi Code Annotated section 99-39-9(1) (Supp.2011) sets forth the requirements for a PCR petition. For facts within a PCR petitioner’s knowledge, the petitioner must give a “separate statement of the specific facts.” Miss.Code Ann. § 99 — 39—9(l)(d). For facts not within the petitioner’s knowledge, he must not only give a “specific statement of [these] facts” but also state how and by whom these facts will be proven. Miss.Code Ann. § 99-39-9(l)(e). “Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the [petition].” Id. But the affidavit requirement “may be excused upon a showing, which shall be specifically detailed in the [petition], of good cause why [the affidavits] cannot be obtained. This showing shall state what the petitioner has done to attempt to obtain the affidavits ... he requests the court to excuse.” Id.
¶ 13. Breeden argues there is no positive requirement that every PCR petition include third-party affidavits. This is certainly true when there are no facts outside the petitioner’s personal knowledge that he intends to prove. In Ford v. State, 708 So.2d 73, 75 (¶ 11) (Miss.1998), the Mississippi Supreme Court found, because Ford’s PCR petition listed no witnesses who he would call to testify, section 99-39-9(1)(e)’s requirement to attach the witnesses affidavit’s was not triggered and could not be the basis for dismissal. Id. “Rather, [Ford] may attest to the facts that he intends to prove through his petition.” Id.
¶ 14. And even when a petitioner lists a witness he plans to testify, the supreme court has found in at least in one instance that failure to submit affidavits under section 99-39-9(1)(e) is not in itself fatal. Lewis v. State, 776 So.2d 679, 682 (¶ 16) (Miss.2000). Relying on Ford, the supreme court in Lewis rejected the State’s argument for dismissal of Lewis’s PCR petition because it did not fulfill section 99-39-9(l)(e)’s affidavit requirement. The supreme court found, “[w]hile Lewis did in fact fail to submit any affidavits, this Court has held in the past that the fact that no affidavits are submitted with a prisoner’s PCR [petition] does not in and of itself render the [petition] invalid.” Lewis, 776 So.2d at 682 (¶ 16) (citing Ford, 708 So.2d at 75 (¶ 11)). The supreme court further found “the only potential witness to the allegations set forth by Lewis would be Lewis’s former attorney. Considering the fact that Lewis has also made an allegation of ineffective assistance of counsel, he would be hard pressed to get an affidavit from his former attorney.” Id.
¶ 15. Breeden admitted in his PCR petition that he did not have an affidavit from his attorney Mabry, and he did not outline his attempts to obtain Mabry’s affidavit and good cause why he was unsuccessful. See Miss.Code Ann. § 99-39-9(l)(e). Instead, his petition “beg[ged] the Court’s understanding of the difficulty faced by a prisoner in trying to contract a specific individual.” Under Lewis’s rationale, it would have been difficult for Bree-den to obtain an affidavit from Mabry in light of his claim for ineffective assistance of counsel. See Lewis, 776 So.2d at 682 (¶ 16). Thus, we find Breeden’s failure to attach third-party affidavits “does not in and of itself render [his petition] invalid.” Id.
II. Conflict Between Breeden’s Allegations and Prior Sworn Testimony
¶ 16. While we agree with Bree-den that his lack of third-party affidavits *980 presents no procedural problem to his claim under section 99-39-9, we do find this circumstance leaves him with a significant substantive problem.
¶ 17. Breeden claims ineffective assistance of counsel rendered his sworn guilty plea involuntary.[4] “[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland.” Missouri v. Frye, - U.S. -, 132 S.Ct. 1399, 1405, 182 L.Ed.2d 379 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). And under this test, Breeden must show: (1) his counsel’s performance was deficient, and (2) the deficiency was prejudicial. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. “A prima facie claim must be stated by the defendant in his petition to the [trial] court in order to obtain an evidentiary hearing on the merits of an ineffective assistance of counsel issue.” Robertson, 669 So.2d at 13 (citing Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990)).
¶ 18. Breeden alleges two of his public defenders were deficient and that, but for their deficiencies, he would not have pled guilty but instead gone to trial. See Hill, 474 U.S. at 60, 106 S.Ct. 366 (holding petitioner failed to meet second prong of Strickland because he did not allege that, had he not been given erroneous advise by counsel, he would not have pled guilty). Under our standard of review, we are to accept a petitioner’s well-pled allegations in his PCR petition as true. Lewis, 776 So.2d at 680 (¶ 8) (citing Myers v. State, 583 So.2d 174, 176 (Miss.1991)). But “unimpeachable documentary evidence in the record,” such as the petitioner’s prior sworn testimony, may so contradict the allegations as to make them a “sham.” Mitchener v. State, 964 So.2d 1188, 1194 (¶ 15) (Miss.Ct.App.2007) (quoting Wright v. State, 577 So.2d 387, 390 (Miss.1991)). When this occurs, no evidentiary hearing is required. Id.
¶ 19. Breeden’s allegations in his PCR petition — that he was given contradictory advise, that he was told he could not present a defense, that he was threatened with twenty “mandatory years,” and that he was promised no more than six years in prison — are in direct contradiction to his prior sworn testimony at the plea hearing. The United States Supreme Court has described the plea hearing as the State and trial court’s “substantial opportunity to guard against” ineffective assistance of counsel in the context of guilty pleas “by establishing at the ... proceeding that the defendant has been given proper advice or, if the advice received appears to have been inadequate, to remedy that deficiency before the plea is accepted and the conviction entered.” Frye, 132 S.Ct. at 1406-07. Before accepting Breeden’s guilty plea, the circuit judge thoroughly examined Bree-den about the legal advise he was given.
¶ 20. Instead of testifying that he had been given contradictory, confusing, and incorrect advise, Breeden testified he had been thoroughly advised and that he was satisfied with his attorneys’ services. Breeden testified that he was not promised anything if he pled guilty or threatened by anyone if he did not plead guilty. He also *981 testified he understood the State had recommended the maximum sentences of ten years for each attempted-capital-murder count, with five years to serve on Count II and five years’ post-release supervision. He confirmed that ho one had led him to expect a recommendation different from that. And as far as his allegation that he did not actually say he was guilty, the circuit judge pointedly asked, “Do you understand that by pleading guilty to this charge, you’re admitting that you did, in fact, commit these crimes?” Breeden responded with a clear “yes.”
¶ 21. As a “[sjolemn declaration ] in open court,” Breeden’s plea “carriles] a strong presumption of verity.” Mitchener, 964 So.2d at 1194 (¶ 15) (quoting Blackledge v. Allison, 431 U.S. 68, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). “[A]n attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached.” Id. (emphasis added) (reversing the circuit court’s summary dismissal of a PCR petition because the petitioner attached supporting affidavits of two other witnesses who corroborated in sufficient detail the petitioner’s allegation that his attorney guaranteed him probation if he pled guilty). But Breeden has no affidavits of other persons. Instead, Breeden has only his own allegations to support his claim that ineffective assistance renders his guilty plea involuntary.
¶ 22. Because Breeden’s sworn testimony belies his allegations in his PCR petition, we find the circuit court properly found his claim for ineffective assistance of counsel had no merit and dismissed his petition without a hearing.
¶ 23. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.

. Breeden also alleged in his PCR petition he was denied due process but does not raise this claim on appeal.

. Apparently, Breeden wanted to present an insanity defense based on prolonged prescription-drug use and the alleged effect it has had on his mind. To determine insanity, Mississippi follows the M’Naghten rule, which essentially asks whether the defendant was unable to distinguish right from wrong at the time of the act. Woodham v. State, 800 So.2d 1148, 1158 (¶ 29) (Miss.2001); see Edwards v. State, 441 So.2d 84, 86 (Miss.1983) (quoting M’Naghtens Case, 10 Clark & F. 200, 210, 8 Eng. Rep. 718, 722 (1843), as reprinted by R. Perkins, Criminal Law 859 (2d ed.1969)).

. There is no minimum sentence for attempted capital murder. Mississippi's criminal attempt statute provides: "If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten years[.]” Miss.Code. Ann. § 97-1-7 (Rev.2006).

. It bears noting that Breeden's claim is different from the petitioner’s in Lewis. In that case, the supreme court found that, "[a]l-though Lewis alleged ‘coercion,’ 'involuntary plea,' and 'ineffective assistance of counsel,’ it appears that Lewis’s' PCR [petition], in essence, was a claim that the State violated the rule set forth in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).” Lewis, 776 So.2d at 680 (¶ 9). The supreme court directed the circuit court to augment the record based on Lewis's repeated requests and remanded the case to the circuit court for further proceedings consistent with the supreme court's opinion. Id. at 682-83 (¶ 18).