# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00061-COA

JOSEPH BOLDEN A/K/A JOSEPH A. BOLDEN         APPELLANT
A/K/A JOSEPH ANTHONY BOLDEN A/K/A J.
BOLDEN

v.

STATE OF MISSISSIPPI         APPELLEE

DATE OF JUDGMENT:        12/05/2013
TRIAL JUDGE:        HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:        LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JOSEPH BOLDEN (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
        BY: JOHN R. HENRY
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        MOTION FOR POST-CONVICTION RELIEF
        DISMISSED
DISPOSITION:        AFFIRMED - 06/16/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1. Joseph Bolden appeals the judgment of the Lowndes County Circuit Court, which dismissed as untimely his post-conviction-relief (PCR) motion. On appeal, Bolden alleges multiple errors amounting to a "denial of due process of law, and subject[ing him] to plain error." Upon review, we find that Bolden's issues are both time-barred and subsequent-writ barred. Additionally, his surviving claims are without merit. We thus affirm the trial court's ruling.

## FACTS AND PROCEDURAL HISTORY

¶2.    Bolden was indicted on February 5, 1998, in Lowndes County on one count of sexual battery.  The indictment charged that Bolden had "unlawfully, wilfully, and feloniously, engage[d] in sexual penetration with [M.B.],[1] a female child below the age of 14, by placing his tongue inside her vagina and engaging in sexual penetration[.]"  On May 12, 1998, Bolden filed a petition to enter a guilty plea with the Lowndes County Circuit Court.  The trial court held a hearing on Bolden's petition that day.

¶3.    In his petition, Bolden stated that he wished to plead guilty to the charge of sexual battery.  He stated that he believed his lawyer was fully informed on all matters, and that his lawyer had counseled and advised him on the nature of the charge.  The petition Bolden signed also stated that his attorney thoroughly discussed all aspects of the case with him.  The petition enumerated the rights Bolden waived by pleading guilty, including the right to a speedy and public trial; the right to face and examine all witnesses against him; the right to compel his own witnesses and present evidence in his favor; the right to an attorney; the right to have the State prove his guilt beyond a reasonable doubt; the right to testify in his own defense; and the right to appeal any conviction to the Mississippi Supreme Court.  The petition laid out the minimum and maximum sentences available to the trial judge and noted that Bolden's plea would be "open," meaning there was no sentence recommendation from the State as an inducement for his plea.  Bolden swore that he was satisfied with his attorney's advice and counsel, and noted that neither his attorney nor anyone else had

_____

[1] The Court of Appeals declines to identify sexual-assault victims.  In the interest of privacy, initials have been substituted for the minor's name.

promised or coerced him into entering a guilty plea. Finally, Bolden's sworn petition stated, "I plead 'guilty' and request the [c]ourt to accept the following factual basis for said plea: I licked the vagina of [M.B.], a child 12 years of age, and penetrated her with my tongue." The petition was signed and sworn to by Bolden.

¶4. At the plea hearing, Bolden swore to the judge that it was his signature on the plea petition and that he and his attorney had gone over the petition before signing. The judge again covered all of the constitutional rights Bolden was giving up by pleading guilty. After going over each of these rights, Bolden asked the trial judge if he would be allowed to present mitigation witnesses on his behalf at sentencing. The judge told him yes and advised him that the State would be allowed to call its own witnesses as well. Bolden stated that he understood. After the judge told Bolden he could receive a maximum sentence of thirty years in the custody of the Mississippi Department of Corrections (MDOC), Bolden responded that he understood. The State then presented the charge against Bolden, and Bolden stated that he understood the charge and was guilty of it. The judge then turned his attention to Bolden's attorney. He asked the attorney if he had explained Bolden's constitutional rights; counsel stated that he had. The judge asked if he had explained to Bolden all of the elements of the offense; counsel stated that he had. Finally, the judge asked Bolden's attorney if he had any reason to believe Bolden did not understand his rights or the elements of the offense. Counsel said he had no reason to believe Bolden did not understand his rights or the charged offense. Once more, the judge asked Bolden if anyone had promised anything in return for pleading guilty, and Bolden said no. The judge then asked if Bolden was in fact guilty of

sexual battery, and Bolden responded affirmatively. The judge then found Bolden competent to answer to the charges and found his plea freely and voluntarily entered. At the sentencing hearing held three days later, the judge sentenced Bolden to twenty-five years in MDOC custody.

¶5.     On October 1, 2013, Bolden filed a PCR motion in the Lowndes County Circuit Court. The trial judge dismissed that motion on December 5, 2013, noting that Bolden's motion was time-barred. Feeling aggrieved, Bolden filed the present appeal.

## ISSUES

¶6.     Bolden raises several issues on appeal. First, he claims he did not receive due process when the trial judge failed to advise him of his right to appeal his sentence to the supreme court. Next, Bolden claims he was denied due process and was "subjected to plain error" when he was "convicted of the offense in the indictment without having admitted all elements required to prove such crimes," because he "never stated that he knowingly and intentionally committed the crime of sexual battery." Bolden further claims the judge should not have accepted his plea because competency issues had been raised. Bolden alleges he received ineffective assistance of counsel. He also claims it was "plain error" for the prosecution to have never proved the age of the victim. Bolden next claims his plea was unknowing and involuntary and thus coerced. Finally, Bolden alleges his indictment was faulty because it did not include the statute he was alleged to have violated.

¶7.     Bolden's appeal raises several different claims, many of which were difficult to decipher. Our rules of appellate procedure require each issue to be separately numbered in

4

a statement of the issues. M.R.A.P. 28(a)(3). Failure to present issues in this manner prevents our consideration of the issues. *Reed v. State*, 987 So. 2d 1054, 1056-57 (¶¶6-8) (Miss. Ct. App. 2008). While the issues addressed in this opinion are those listed in Bolden's statement of the issues, any obscured allegations that are not separately identified are not discussed here.

## STANDARD OF REVIEW

¶8.     When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous. *Rowland v. State*, 42 So. 3d 503, 506 (¶8) (Miss. 2010). We review questions of law de novo. *Id.*

## ANALYSIS

¶9.     Mississippi Code Annotated section 99-39-5(2) (Supp. 2014), part of the Uniform Post-Conviction Collateral Relief Act (UPCCRA), provides a three-year time period in which to file for post-conviction relief. Appeals taken from a guilty plea must be made within three years after the entry of the judgment of conviction. However, the UPCCRA also provides three exceptions to the general statute of limitations. In order to avoid the statutory time-bar, the movant must show: (1) an intervening decision of a higher court; (2) new evidence that was not reasonably discoverable at trial; or (3) that his sentence has expired, or his parole, probation, or conditional release was unlawfully revoked. Miss. Code Ann. § 99-39-5(2)(a)-(b). Additionally, Mississippi Code Annotated section 99-39-23(6) (Supp. 2014) of the UPCCRA provides that a previous order dismissing a PCR motion is a bar to successive PCR motions. However, the Mississippi Supreme Court has found that "[e]rrors affecting

fundamental constitutional rights are excepted from the procedural bars" of the UPCCRA. *Rowland*, 42 So. 3d at 506 (¶9).

¶10.    On its face, Bolden's motion is both time-barred and subsequent-writ barred. His judgment of conviction was final on May 15, 1998. This motion was filed nearly sixteen years later, on January 10, 2014. He also has previously filed a PCR motion, which was appealed to this Court and dismissed for failure to pay the costs of appeal. *Bolden v. State*, 2000-TS-01850. Though he raises some issues affecting his fundamental constitutional rights, not all of these issues can overcome the procedural bars. We decline to discuss those issues that are procedurally barred, as Bolden clearly could have raised them within the three-year time-bar.

### I. COMPETENCY[2]

¶11.    Bolden asserts that he "was subjected to plain error where the acceptance of the guilty plea entered in this case, wherein issues of competency have been raised pursuant to Rule 9.06 [of the Uniform Rules of Circuit and County Court], prior to the [c]ourt['s] compliance with Rule 9.06, violates the provisions of Rule 9.06[.]" Bolden claims that the trial court was "duty bound to conduct an evidentiary hearing given the knowledge of the mental and emotional condition of the defendant." Bolden posits that the court must always conduct such a hearing before accepting a plea. He cites *Howard v. State*, 701 So. 2d 274 (Miss.

---

[2] In *Smith v. State*, the supreme court held that claims of mental competency were not subject to the procedural bars of the UPCCRA. *Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014).

6

1997)[3], and Uniform Rule of Circuit and County Court 9.06 to support his assertion. However, Bolden is mistaken.

¶12.    Rule 9.06 requires a competency hearing when the defendant's present mental competency is in question.  If the court has reasonable grounds to believe that the defendant is incompetent to enter a plea, the court must order a mental examination and then must conduct a competency hearing.  URCCC 9.06.  Though Bolden cites Rule 9.06 at length, he presents no evidence that the court knew or should have known there were competency issues.  Upon review of the record, we can find no reason the court should have ordered a competency hearing.  Bolden's attorney never raised any issues of competency.  Indeed, during the plea colloquy, Bolden's attorney stated that he had no reason to believe Bolden was unable to understand his rights or the elements of sexual battery.  There is no evidence in the record that any motion was made, by any party, to invoke Rule 9.06.  Furthermore, the trial judge spoke with Bolden at length during his plea hearing.  The judge made a finding based on this colloquy that Bolden was competent to understand the nature of the charges against him and the consequences of his plea, and found that his plea was free, voluntary, and knowing.    Bolden  also  fails  to  present  any  evidence  to  support  his  assertion  of incompetency—no affidavits from other persons, no facts to support his stance, no mental health records.   There is no basis for Bolden's claim that the judge should have ordered a competency hearing prior to accepting Bolden's plea.  This issue is without merit.

---

[3] In *Hearn v. State*, the Mississippi Supreme Court declined to follow the court's previous holding in *Howard*.  In a footnote, the court noted that "*Howard* [is] no longer instructive with regard to whether or not a competency hearing should be held." *Hearn v. State*, 3 So. 3d 722, 730 n.11 (Miss. 2008).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL[4]

¶13.    Bolden claims that his attorney was ineffective because he failed to object to the issues that Bolden raises on appeal. Bolden argues that he should have been told by the court that he had a right to appeal his sentence, and if the court did not tell him this, his attorney should have. Bolden additionally claims that his attorney should have objected to acceptance of the plea because Bolden never admitted to the elements of sexual battery. Finally, Bolden claims that his attorney never advised him of any defenses or investigated any facts prior to the plea.

¶14.    In order to prevail on his claim of ineffective assistance, Bolden must demonstrate (1) that his "counsel's representation fell below an objective standard of reasonableness"; and (2) that but for his attorney's errors, there is a "reasonable probability" that the outcome of his proceeding would have been different. *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). He "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different." *Hannah*, 943 So. 2d at 24 (¶7). Furthermore, "a defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other

---

[4]    The supreme court has not explicitly found that there is a fundamental constitutional right to effective assistance of counsel for noncapital cases sufficient to defeat procedural bars. *But see Grayson v. State*, 118 So. 3d 118, 126 (¶14) (Miss. 2013) (holding there is a fundamental constitutional right to effective assistance of PCR counsel when facing the death penalty). It is thus unclear as to the status of ineffective-assistance-of-counsel claims as a fundamental right that can overcome procedural bars in non-death penalty cases. Nonetheless, we find ourselves beholden to discuss the issue.

than his own." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012) (citing *Robertson v. State*, 669 So. 2d 11, 13 (Miss. 1996)). When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail. *Id.*

¶15. Bolden presents no affidavits or statements other than his own to support his claims of ineffective assistance. He does not demonstrate that his attorney fell below any standard of reasonableness or indeed that his attorney committed any error. He asserts errors, but these allegations are without merit. Furthermore, Bolden does not suggest that the outcome of his proceeding would have been different; he does not even suggest that he would have insisted on trial. Though he cited the Supreme Court's holding in *Strickland v. Washington* ad nauseam, he cannot prove either prong of the *Strickland* analysis. For that reason, his claim of ineffective assistance of counsel must fail.

¶16. Additionally, Bolden swore in his plea petition that he was satisfied with his counsel's performance and believed that he had "done all that anyone could do to counsel and assist" him. Though Bolden claims on appeal that his attorney did not fully explain the elements of the charge against him, in his plea colloquy, he swore to the judge that his attorney had gone over the petition and explained everything to him. Bolden also had the opportunity to ask the trial judge questions about the charges, but he only asked about the opportunity to present mitigation witnesses at sentencing. Bolden's ineffective-assistance-of-counsel claim is without merit.

## CONCLUSION

¶17. Bolden filed his appeal nearly sixteen years after the entry of the judgment of conviction, well beyond the three-year statute of limitations. Thus, the majority of his claims are procedurally barred. However, those claims that affect his fundamental constitutional rights overcome the procedural bar. Nevertheless, these claims are without merit. We therefore affirm the trial court's decision.

¶18. **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**