# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00048-COA

**TYREE CAMPHOR**                                                                      **APPELLANT**

**v.**

                                                                                       **APPELLEE**

**STATE OF MISSISSIPPI**

DATE OF JUDGMENT:            12/10/2020
TRIAL JUDGE:                HON. BETTY W. SANDERS
COURT FROM WHICH APPEALED:  HINDS COUNTY CIRCUIT COURT,
                            FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:     TYREE CAMPHOR (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: ALLISON HORNE
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                AFFIRMED - 05/24/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. On January 29, 2015, in the First Judicial District of Hinds County, Tyree Camphor was tried and convicted of the depraved-heart murder of Angelique Smith. On February 2, 2015, he was sentenced to serve a term of thirty-five years in the custody of the Mississippi Department of Corrections, with five years suspended. On February 20, 2015, Camphor filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. That motion was denied on March 2, 2015. Camphor was represented by retained counsel at trial, but he did not appeal his conviction or sentence. Almost three years later, through newly retained counsel, Camphor filed a petition for post-conviction collateral relief (PCR) alleging

that he received ineffective assistance of counsel at trial. Aggrieved by the circuit court's denial of his petition, Camphor appealed.

## PROCEDURAL HISTORY

¶2. Camphor's PCR petition was filed on February 2, 2018. Because no action of record was taken in over a year, on September 22, 2020, the Hinds County circuit clerk filed a motion to dismiss Camphor's PCR petition for failure to prosecute. In response, Camphor filed a motion on September 25, 2020, requesting a ruling on his PCR petition and an order denying the clerk's motion to dismiss. The circuit court issued an order on September 28, 2020, directing the Hinds County District Attorney (State) to file a response to the petition within thirty days. On November 6, 2020, having received no response from the State, Camphor filed a motion asking the circuit court to grant his petition. The circuit court issued an amended order on November 6, 2020, requiring the State to file a response on or before November 13, 2020. On November 13, 2020, the State filed its response to the petition. Camphor filed a reply on November 30, 2020. On December 1, 2020, the circuit court issued an order requiring the State to supplement its answer to include a copy of the trial transcript. The State complied with that order on December 8, 2020. The court issued its ruling on December 10, 2020, denying Camphor's petition and dismissing the case without an evidentiary hearing. It is from this ruling Camphor appeals.

## STANDARD OF REVIEW

¶3. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will

reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)).

## ANALYSIS

¶4.     Camphor's PCR petition before the circuit court alleged that he was denied effective assistance of counsel due to:

> (1)     the failure of petitioner's counsel to issue a subpoena to Officer Michael Cameron to testify to the fact that he responded to a disturbance between Tyree Camphor and Angelique Smith six days prior to the shooting where Angelique Smith was deemed to be the aggressor.

> (2)     the failure of petitioner's counsel to object to improper comments made by the prosecution during closing arguments.[1]

¶5.     In her order of dismissal, the circuit judge concluded that Camphor had failed to meet his burden of proof to show that he was entitled to relief. Citing *Sturkey v. State*, 174 So. 3d 870, 877 (¶21) (Miss. Ct. App. 2014), the circuit judge found that, because Camphor's trial counsel had made a "genuine effort" to locate Officer Cameron, there could be no ineffective assistance of counsel. She further found that trial counsel's failure to object to "one

---

[1] In the PCR's table of contents, Camphor also lists as error the "[f]ailure of petitioner's counsel to introduce into evidence the clothes Tyree Camphor was wearing on the night of the shooting that could have possibly impeached eyewitness testimony that the shooter was wearing all black." However, this issue was not addressed in the body of his petition or otherwise raised before the circuit court and is not raised on appeal.

[reference in the closing statement to the honesty of a witness] does not prove the trial outcome would be affected."

¶6. Camphor was represented by new counsel in bringing his PCR petition before the circuit court; however, the instant appeal is pro se. Camphor alleges other assignments of error for the first time on appeal, specifically (1) that there was an "imposter" juror; (2) that his post-conviction counsel was ineffective; (3) that he was denied due process by the State's failure to produce certain discovery; (4) that the circuit court withheld certain evidence regarding the prior altercation between Camphor and the victim; and (5) that his trial counsel failed to file a direct appeal. It is well settled that "an issue is procedurally barred if not first raised in a PCR motion before a [circuit] court." *Taylor v. State*, 313 So. 3d 1106, 1111 (¶15) (Miss. 2021) (quoting *McLaurin v. State*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013)). Accordingly, we will not consider those issues.

¶7. Preserved for appeal is the issue of ineffective assistance of counsel, which was raised at the trial level, specifically, trial counsel's failure to subpoena Officer Michael Cameron, who responded to a "disturbance" between Camphor and the victim six days before the shooting and the failure to object to what Camphor alleges were improper comments by the prosecution during closing arguments.

¶8. In *Bolden v. State*, 166 So. 3d 568, 573 (¶14) (Miss. Ct. App. 2015), this Court said:

> In order to prevail on his claim of ineffective assistance, [the movant] must demonstrate (1) that his "counsel's representation fell below an objective standard of reasonableness"; and (2) that but for his attorney's errors, there is a "reasonable probability" that the outcome of his proceeding would have been

4

different. *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). He "must show that there is a reasonable probability that, but for counsel's errors, . . . the outcome would have been different." *Hannah*, 943 So. 2d at 24 (¶7). Furthermore, "a defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012) (citing *Robertson v. State*, 669 So. 2d 11, 13 (Miss. 1996)). When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail. *Id*.[2]

## I.     Failure to Subpoena Officer Cameron

¶9.     Officer Cameron was the investigating officer of an altercation between Camphor and Smith about six days prior to the murder. Camphor's petition claims his "defense strategy was that his actions were in self-defense of a perceived threat against him," and he hoped to show that Smith had been the agressor in the prior altercation. It appears from the trial transcript and the circuit judge's order that trial counsel caused a subpoena to be issued for Officer Cameron, but the officer could not be located and served. Apparently, at the time of trial, Officer Cameron was employed by a different law enforcement agency and was on medical leave. The transcript shows that both defense trial counsel and the prosecution were unable to locate him.

¶10.    After a lengthy exchange outside the jury's presence, both defense counsel and the

---

[2] The PCR petition did not contain the sworn statement of facts required by Mississippi Code Annotated section 99-39-9(1)(d) (Rev. 2020) and was not verified by the oath of the petitioner as required by section 99-39-9(3). Nevertheless, the circuit court elected to proceed on the merits rather than reject the filing as provided by section 99-39-9(4). *See Ford v. State*, 911 So. 2d 1007, 1011 (¶6) (Miss. Ct. App. 2005).

prosecution presented their arguments to the circuit court regarding the admissibility of Officer Cameron's report on the altercation between Smith and Camphor. Because neither party could locate Officer Cameron, the circuit court ultimately ruled that Camphor could bring in Officer Cameron's report through another witness, Rozerrio Camel, the lead detective in Smith's murder investigation. However, there were limitations imposed by the court:

> However, the officer cannot testify on cross what the victim or defendant stated . . . to the responding officer on the night of March 6, only that–only what he learned from the course and scope of his investigation. Further, no testimony can be elicited that the victim was the initial aggressor at that night as the defendant has yet to show that she was the initial aggressor on the night of the murder. For that proposition I'm relying on Robinson verus State, 875 So. 2d 230, Mississippi Court of Appeals 2004. If defense counsel wishes to cross on the report over the objection of the State within those limitations, then he may do so.

This ruling occurred prior to Detective Camel's being called as a witness by the State. However, neither the State nor the defense questioned Detective Camel concerning Officer Cameron's report of the prior incident. During the defense's case-in-chief, Camphor's counsel raised concern about recalling Detective Camel. Counsel advised the circuit court that it was his recommendation not to recall Detective Camel, but that Camphor had insisted that he do so. On the record, Camphor accepted the recommendation of his attorney and agreed with his counsel not to recall Detective Camel during the defense's case-in-chief.

¶11. The defense theory was that an unknown male, who was standing with Smith at the time of the shooting, was the initial aggressor. Camphor gave a statement to law enforcement

and testified at trial that when Camphor called Smith's name, the unknown male pulled out a gun and started firing at him. From the transcript it is obvious, from opening statement through the trial, the claim of self-defense was based upon Camphor's description of the actions of the unknown male shooter. Camphor did not testify that any action by Smith caused him to fire his weapon. Any testimony about a prior conflict between Smith and Camphor would not seem to enhance Camphor's self-defense claim, based upon his own testimony.

¶12.    Camphor did not attach any affidavits to his petition. While Officer Cameron was not served with a subpoena, Camphor failed to show that no subpoena was issued for Officer Cameron. Even if Officer Cameron had been served with a subpoena, Camphor did not show what admissible testimony Officer Cameron could have provided that would have produced a "reasonable probability" the outcome of the trial would have been different.

¶13.    In *Sandlin v. State*, 312 So. 3d 1191, 1197-98 (¶14) (Miss. Ct. App. 2020), this Court said:

> "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . ." [*Stringer v. State*, 454 So. 2d 468, 477 (Miss. 1984)]. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Wilcher v. State*, 863 So. 2d 776, 796 (¶30) (Miss. 2003) (citing *Stringer v. State*, 454 So. 2d 468, 477 (Miss. 1984)). In determining what falls into the category of trial strategy, this Court has held that "Counsel's choice of whether or not to file certain motions, call certain witnesses, ask certain questions, or make certain objections falls

7

within the ambit of trial strategy." *Hill v. State*, 850 So. 2d 223, 226 (¶14) (Miss. Ct. App. 2003) (citing *Scott v. State*, 742 So. 2d 1190 (¶14) (Miss. Ct. App. 1999)). Further, "[a] strategic decision to pursue less than all plausible lines of defense will rarely, if ever, be deemed ineffective if counsel first adequately investigated the rejected alternative." *Cole v. State*, 666 So. 2d 767, 776 (Miss. 1995) (quoting *Washington v. Strickland*, 693 F. 2d 1243, 1253-54 (5th Cir. 1982)).

Camphor did not meet his burden to show that, relative to counsel's failure to procure the presence of Officer Cameron at trial, (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) "but for his attorney's errors, there is a 'reasonable probability' that the outcome of his proceeding would have been different." *Bolden*, 166 So. 3d at 573 (¶14). Accordingly, this issue is without merit.

## II. Failure to Object to Comments Made by the Prosecution during Closing Arguments

¶14. Camphor argues that his trial counsel's failure to object to the following comment made by the prosecution during closing arguments amounted to ineffective assistance of counsel:

> Now, I want to take you back to this picture. That's where everything took place. When I questioned Nelson Smith, you might not have noticed, but I asked one particular question of him about when he was fixing the cars in the parking lot. I asked him how many cars was (sic) in that parking lot. He *honestly answered,* I can't answer that question. It was a lot. The reason I wanted him to answer that question was to show you that there were a lot of people in that area at that particular time.

(Emphasis added).

¶15. Again, Camphor does not suggest how an objection to such testimony could have affected the outcome at trial. He provides nothing to overcome the presumption that counsel

simply made a strategic decision not to object to what appears to be a relatively unimportant comment by the prosecutor. As a result, this claim of ineffective assistance of counsel must also fail.

¶16.    The circuit court's decision to deny Camphor's PCR petition was not clearly erroneous, and we therefore affirm the circuit court's judgment.

¶17.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**